[THE STATE, EX REL.] DICKISON ET AL., *v.* COURT OF COMMON PLEAS OF LAKE COUNTY, OHIO.

[Cite as State, ex rel. Dickison, v. Court of Common Pleas (1971), 28 Ohio St. 2d 179.]

(No. 71-517—Decided December 22, 1971.)

180

*Mr. Ellis B. Brannon*, for relators.

*Messrs. Baker, Byron & Hackenberg* and *Mr. Barry M. Byron*, for respondent.

*Per Curiam.* The statutory authority for courts of record in this state to hear declaratory judgment actions is R. C. 2721.02.

Whether to proceed in a declaratory relief action is a matter for the determination of the trial court in the first instance. Following such determination appropriate appellate procedures are available to the parties.

Prohibition will not lie where there is a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Bartlett,* v. *Baynes* (1969), 20 Ohio St. 2d 129; *State, ex rel. Winnefeld,* v. *Court of Common Pleas* (1953), 159 Ohio St. 225.

It should be manifestly clear that our decision to deny the writ in this case is not based on *Ohio Farmers Indemnity Co.* v. *Chames* (1959), 170 Ohio St. 209. In that case, the determination of ''permission'' did not affect the issues in the personal injury action. In the instant case, the question of ''course and scope of employment'' *is* one of the issues in the personal injury action.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.*

---

*JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.