20

THE STATE, EX REL. SAFECO INS. CO. OF AMERICA, v.
KORNOWSKI, JUDGE.

(No. 74-554—Decided October 16, 1974.)

*Messrs. McNamara & McNamara, Mr. William H. Woods* and *Mr. John J. Petro,* for relator.

*Messrs. Davis & Young* and *Mr. Robert L. Baker,* for respondent.

*Per Curiam.* The essential question for resolution is whether the Bedford Municipal Court has jurisdiction to hear and determine damages and costs in the amount of $119,833.67 against a surety on a supersedeas bond.

Respondent's claim of authority to proceed to determine damages in excess of the court's $10,000 monetary jurisdictional limit under R. C. 1901.17 is founded upon the subject matter jurisdiction in forcible entry and detainer actions afforded by R. C. 1901.18(H), the authority to fix bond under R. C. 1901.13(A), and R. C. 1901.13(D) which permits the court "to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties." The essence of respondent's position is that his determination of damages is merely ancillary and necessary to give practical effect to the final judgment in the forcible entry and detainer action.

Of critical importance in our determination is App. R. 7(B), which provides for stays upon giving bond and for proceedings against sureties for their bond liability in the trial court on motion. The crucial portion of App. R. 7(B) reads: *"Subject to the limits of its monetary jurisdiction* this liability may be enforced on motion in the trial court without the necessity of an independent action." (Emphasis added.) That language reflects not only a recognition of the monetary jurisdiction limit distinction between trial courts, *i. e.,* Municipal Courts and Courts of Common Pleas, but specifically restricts procedural enforcement of such liability to such monetary jurisdiction, which, under R. C. 1901.17, for the Bedford Municipal Court is $10,000. Al-

22

though a motion for damages against a surety is one procedurally contemplated by App. R. 7(B), the patent and unambiguous limitation of the rule relates to the monetary jurisdiction of the court involved—and we so hold.

Nor are we persuaded, as respondent argues, that the limitation of App. R. 7(B) unconstitutionally affects substantive rights herein simply because this procedural means of enforcing a surety bond liability in the Municipal Court is foreclosed. Such limitation of Municipal Court jurisdiction no more affects the substantive rights of a plaintiff against a defendant's surety than does the basic monetary jurisdictional limitation of Municipal Courts.

Respondent contends that the consideration of damages is only ancilliary and necessary "to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties" under R. C. 1901.13(D). However, respondent fails to consider that relator was not one of the parties in the original action.

Respondent argues further that, inasmuch as he afforded the parties briefing opportunity subsequent to the hearing on the motion, the question of his jurisdiction has not been decided, thus making this prohibition action premature. Respondent, however, takes no exception to relator's complaint wherein the record reflects respondent's intent to exercise jurisdiction respecting the motion for damages. Respondent's evident intent, as he stated at the June 12, 1974, hearing, and by his position urged herein, is to exercise monetary jurisdiction which is beyond that provided by law.

Respondent has moved for summary judgment on the grounds that there is no genuine issue as to any material fact. For the foregoing reasons, respondent is hereby prohibited from proceeding to exercise jurisdiction with respect to the motion for damages against relator herein in the Bedford Municipal Court.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur,