THE STATE, EX REL. DORMODY ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. DUDAS ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. HAJEK ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. STROUD ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. VEAL ET AL., *v.* McCLURE, JUDGE.

(Nos. 76-1237, 76-1275, 76-1366, 77-194 and 77-231—
Decided June 29, 1977.)

*Mr. Robert G. Schultz, Jr.,* for relators in cases Nos. 76-1237, 76-1275, 76-1366 and 77-194.

*Mr. Gregory W. Happ,* for relators in case No. 77-231.

*Mr. J. M. Kinney,* for respondent.

*Per Curiam.* Relators seek writs of prohibition to prevent respondent from trying them for the offenses of driving while under the influence of alcohol (R. C. 4511.19), alleging that respondent has no jurisdiction due to the fact that the Uniform Traffic Ticket sanctioned by Traf. R. 21 does not provide that the signature of the issuing officer be verified.

Prohibition is not the proper remedy where there is an adequate remedy in the ordinary course of the law. *State, ex rel. Dickison,* v. *Court of Common Pleas* (1971), 28 Ohio St. 2d 179. Respondent has jurisdiction of the persons and subject matter. Any complaint with regard to the form of the ticket can be dealt with by motion prior to trial or in the ordinary course of appeal.

Since the relators have an adequate remedy at law, the writs are denied.

*Writs denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., not participating.