THE STATE, EX REL. ADLER, APPELLEE, *v.*
COURT OF COMMON PLEAS OF WOOD COUNTY, APPELLANT.

[Cite as State, ex rel. Adler, v. Court (1980),
61 Ohio St. 2d   1.]

(No. 79-679—Decided January 2, 1980.)

*Mr. John J. Callahan,* for appellee.

*Mr. John S. Cheetwood,* prosecuting attorney, for appellant.

*Per Curiam.* The issue before this court is, simply, whether a writ of prohibition should issue in this cause to prevent respondent court from proceeding with the matter before it.

A writ of prohibition will not issue against a court unless it is about to exercise judicial power and "the exercise of such power must amount to an unauthorized usurpation of judicial power." *State, ex rel. Zakany,* v. *Avellone* (1979), 58 Ohio St. 2d 25, 26.

In the cause before us, the Court of Common Pleas had

original jurisdiction in the action relator seeks to prohibit. The action of respondent in denying relator's motion to dismiss the indictment, even assuming, *arguendo,* that it may be erroneous, does not constitute the unauthorized usurpation of judicial power. Prohibition will not lie to prevent enforcement of an allegedly erroneous judgment rendered by a court with jurisdiction. *State, ex rel. Mansfield Telephone Co.,* v. *Mayer* (1966), 5 Ohio St. 2d 222, 223; *Marsh* v. *Goldthorpe* (1930), 123 Ohio St. 103.

Relator's argument, that the actions of the police prosecutor in obtaining relator's release of claims and dismissing a charge against him justify the issuance of a writ of prohibition to prevent respondent court from assuming jurisdiction herein, is without merit.

Relator has an adequate remedy by way of appeal from any adverse judgment against him in the action presently before respondent court. See *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 88.

Accordingly, the judgment of the Court of Appeals allowing the writ of prohibition is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.