4

THE STATE, EX REL. WALL, APPELLANT, *v.*
GROSSMAN, JUDGE, APPELLEE.

[Cite as State, ex rel. Wall, v. Grossman (1980),
61 Ohio St. 2d 4 .]

(No. 79-1101—Decided January 2, 1980.)

*Mr. Timothy A. Smith,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr.
Leonard Kirschner,* for appellee.

*Per Curiam.* The conditions which must exist to support the issuance of a writ of prohibition are: "(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which

there is no other adequate remedy." *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11.

Here, as in *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, decided this day, there is no question of the jurisdiction of the court to hear the pending case. The Court of Common Pleas of Hamilton County, Juvenile Division, has jurisdiction to proceed to disposition of a case charging a violation of R. C. 2151.41.

Further, appellant's allegations do not support any unauthorized usurpation of judicial power nor do they show that appeal is not an adequate remedy at law herein. See *Adler, supra,* and cases cited therein.

For reasons of the foregoing, the judgment of the Court of Appeals dismissing the complaint in prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.