THE STATE, EX REL. KYNARD, APPELLANT, *v.*
COURT OF COMMON PLEAS OF LUCAS COUNTY, APPELLEE.

[Cite as State, ex rel. Kynard, v. Court (1980),
62 Ohio St. 2d 308.]

(No. 79-1630—Decided June 11, 1980.)

*Mr. Alan R. Kirshner,* for appellant.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. David O. Bauer,* for appellee.

*Per Curiam.* A writ of prohibition will issue when a court seeks to exercise judicial power not authorized by law. *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1; *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4.

Here, there is no question that the Court of Common Pleas of Lucas County is authorized to hear a case charging aggravated murder. Appellant's contentions are to the sufficiency of the indictment and not to the jurisdiction of the trial court to hear and determine the cause. Alleged irregularities in the proceedings of the grand jury returning an indictment do not deprive the lower court of jurisdiction to proceed thereunder. Appellant's remedy is by way of appeal. *Chapman* v. *Jago* (1976), 48 Ohio St. 2d 51; *Silliman* v. *Court* (1933), 126 Ohio St. 338.

Accordingly, the judgment of the Court of Appeals dismissing the complaint for a writ of prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.