THE STATE, EX REL. HENRY, *v.* BRITT, JUDGE, ET AL.

[Cite as State, ex rel. Henry, v. Britt (1981),
67 Ohio St. 2d   71.]

(No. 80-724—Decided July 1, 1981.)

Messrs. *Porter, Wright, Morris & Arthur, Mr. James E. Pohlman* and *Ms. Roberta Y. Bavry,* for relator.

*Mr. Michael Miller,* prosecuting attorney, and *Mr. James R. Kirk,* for respondent.

*Messrs. Wolske & Blue, Mr. Walter J. Wolske, Jr.,* and *Mr. Dennis M. McCarthy,* for intervenor-respondent.

*Per Curiam.* The issue before this court is whether a writ of prohibition should issue in this cause to prevent the respondent court from proceeding with the Civ. R. 60(A) motion now before it.

Prohibition is an extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. In the recent case of *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4, this court set forth the following conditions which must exist to support the issuance of a writ of prohibition: " '(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy.' *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11." See, also, *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76, and cases cited therein.

Relator argues that respondent is unauthorized by law to act on intervenor's Civ. R. 60(A) motion.

This court has often had the opportunity to address the question whether a writ of prohibition should be used to prevent the exercise of jurisdiction by an inferior court.

"It is established law in Ohio that '[a] court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from

an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action.' *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, paragraph three of the syllabus; *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 87; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388. The corollary to that general rule is that '[w]here there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed***.' *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, paragraph two of the syllabus." *State, ex rel. Bd. of County Commrs.,* v. *Court of Common Pleas* (1978), 54 Ohio St. 2d 354.

Civ. R. 60(A) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." This is a power the courts have always had. *Gagnon* v. *United States* (1904), 193 U.S. 451; *American Trucking Associations* v. *Frisco Transportation Co.* (1958), 358 U.S. 133.

In this case, intervenor is seeking to invoke Civ. R. 60(A) after an appeal.[2] Whether such action is proper is discussed in 6A Moore's Federal Practice, Paragraph 60.08[3], at pages 4072-4073, where it is stated:

"There has been a certain amount of confusion in the cases as to whether or not Rule 60(a) permits the lower court to correct clerical mistakes and errors of oversight and omission after the case has been considered on appeal, and remanded to the lower court with appropriate mandate. [Indicating that motion under R. 60(a) may be made in the lower court after appeal: *Rigopoulos* v. *Kervan* (S.D. N.Y. 1943), 53 F. Supp. 829,***In re Harbor Stores Corp.* (S.D. N.Y. 1940), 33 F. Supp. 360. ***For cases indicating that correction under Rule 60(a) cannot be made after appeal see: *Home Indemnity Co. of New York* v. *O'Brien* (C.C.A. 6th, 1940), 112 F. 2d 387;

---

[2] Ohio Civ. R. 60(A) is identical to Fed. R. Civ. P. 60(a).

*Albion-Idaho Land Co.* v. *Adams* (D. Idaho 1945), 58 F. Supp. 579.] Rule 60(a) contains no specific provision on this point, but the tenor of the 1946 amendment indicates that such errors may be corrected by the lower court after the case has been remanded by the appellate court, even without leave of the latter court. If the application of Rule 60(a) is properly restricted to 'clerical errors' and errors arising from 'oversight or omission', then no harm will result from the correction by the lower court without any leave being obtained from the appellate court. While this is particularly true where the remand is for further proceedings, the district court should also have the power to correct clerical mistakes *even where the mandate of the appellate court finally disposes of the action."* (Emphasis added.) (Footnote bracketed.)

There is no question that a trial court has jurisdiction to determine a Civ. R. 60(A) motion. The fact that a case is on remand from an appellate court and that it is not well settled whether such motion can be entertained by a trial court in such circumstance does not divest the trial court of its jurisdiction to decide the legal issue. As such, this court does not find a total want of jurisdiction.

In addition, a writ of prohibition will not issue if there is an adequate remedy at law. See, generally, *State, ex rel. Dormody,* v. *McClure* (1977), 50 Ohio St. 2d 335; *State, ex rel. Dickison,* v. *Court of Common Pleas* (1971), 28 Ohio St. 2d 179. In this case, there appear to be no potential errors which could not be corrected on appeal, thus obviating the existence of one of the grounds for a prohibition action.

Since the relator has failed to meet the conditions required for the issuance of a writ of prohibition, the writ is denied.

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, MAHONEY, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

MAHONEY, J., of the Ninth Appellate District, sitting for P. BROWN, J.