THE STATE, EX REL. SMITH, EXR., APPELLANT, *v.* COURT OF COMMON PLEAS, PROBATE DIVISION, ET AL., APPELLEES.

214

(No. 81-1611—Decided June 23, 1982.)

*Mr. Warren W. Ruggles, Miller & Fegen Co., L.P.A.,* and *Mr. Richard Grimes,* for appellant.

*Mr. Richard B. Hauser,* prosecuting attorney, and *Mr. Richard S. Lynch,* for appellees.

CLIFFORD F. BROWN, J. The issue presented in this cause is whether a writ of prohibition should issue which would prevent the respondent-appellee lower court from proceeding with the will contest action now before it.

The question of whether a writ of prohibition can be used to prevent the exercise of jurisdiction by an inferior court has often been addressed by this court. The rule which emerges from the myriad of cases is that "[a] court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." *State, ex rel. Miller,* v. *Court* (1949), 151 Ohio St. 397, paragraph three of the syllabus; *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 87; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388; *State, ex rel. Bd. of Co. Commrs.,* v. *Court* (1978), 54 Ohio St. 2d 354, 356; *DuBose* v. *Court* (1980), 64 Ohio St. 2d 169, 171; *State, ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71, 73-74.

Thus, as a general rule, a writ of prohibition will be awarded only where there is no adequate remedy in the ordinary course of the law. See, generally, *State, ex rel. Dickison,* v. *Court* (1971), 28 Ohio St. 2d 179, 180; *State, ex rel. Dormody,* v. *McClure* (1977), 50 Ohio St. 2d 335, 336; *State, ex rel. Henry,* v. *Britt, supra.* See, also, *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4. Only where there is a "total and complete want of jurisdiction" on the part of the inferior court, will such a writ be allowed despite the presence of a remedy by way of appeal. *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329. Conversely, if there is no "patent and unambiguous restriction" (see *State, ex rel. Safeco Inc. Co.,* v. *Kornowski* [1974], 40 Ohio St. 2d 20) on the jurisdiction of the court which clearly places the dispute out-

side its jurisdiction, prohibition will not lie. *State, ex rel. Gilla,* v. *Fellerhoff, supra,* at 88.

Appellant argues that plaintiff's failure to join all necessary parties within the four-month time frame prescribed by R. C. 2107.76 precluded the vesting of subject matter jurisdiction with the Probate Court.

There is no doubt, of course, that such a jurisdictional question could be raised by appellant on direct appeal. The question becomes therefore whether the assumption of jurisdiction by the Probate Court in this instance amounts to the "unauthorized usurpation of judicial power" contemplated by the *Gusweiler* line of cases.[3] For the following reasons we hold it does not.

First, we note that R. C. 2107.73 and 2107.76 do not "patently and unambiguously" restrict the Court of Common Pleas from hearing the will contest action at issue in the present case. R. C. 2107.73 only defines necessary parties; it does not speak to the time for the joinder of such parties. R. C. 2107.76 merely places the limitation of four months on the commencement of an action; it does not speak to the amendment or relation back of subsequent proceedings. Thus, neither section is sufficient to divest the court of its general subject matter jurisdiction over a will case even though a question may remain as to whether necessary parties have been timely named. Indeed, neither specifically prohibit the addition of necessary parties through the amendment of pleadings after the statute of limitations has expired.

On the contrary, due to the enactment of R. C. 2107.72,[4] amendments may be made to plaintiff's complaint to join necessary parties. These amendments would, under Civ. R. 15(C), relate back to the date of the original filing.[5]

---

[3] This court's holdings in *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, 3; and *Dubose* v. *Court, supra,* at page 171, were predicated on the following language contained in *Gusweiler,* at page 329:

"If an inferior court is *without jurisdiction whatsoever* to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to *prevent usurpation of jurisdiction* by the inferior court." (Emphasis added.)

[4] R. C. 2107.72, effective January 1, 1976, provides as follows:

"The Rules of Civil Procedure govern all aspects of a will contest action, except as otherwise provided in sections 2107.71 to 2107.75 of the Revised Code."

[5] Appellant cites several decisions of this court which affirmed the dismissal of will

Moreover, R. C. 2101.24(P) vests general subject matter jurisdiction over will contest cases in the Probate Court.[6] Thus, even assuming, *arguendo,* that the respondent-appellee's ruling on the jurisdictional question was erroneous, such court had, at the very least, "basic statutory jurisdiction to proceed in the case." *Gusweiler, supra,* at page 329.

For the foregoing reasons, this court finds neither a "total want of jurisdiction," a "patent and unambiguous restriction," or an "unauthorized usurpation of judicial power" to warrant dispensing with the appellant's adequate remedy of appeal. Accordingly, the writ of prohibition does not lie, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

---

contest actions where all necessary parties were not timely joined. *E.g. Kluever* v. *Cleveland Trust Co.* (1962), 173 Ohio St. 177, paragraph one of the syllabus; *Gravier* v. *Gluth* (1955), 163 Ohio St. 232, paragraph three of the syllabus. These cases, however, can be distinguished on the grounds that they interpreted the Probate Code prior to its revision in 1976.

[6] R. C. 2101.24 provides, in pertinent part:

"Except as otherwise provided by law, the probate court has jurisdiction:

"* * *

"(P) To hear and determine actions to contest the validity of wills.

"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law."