The State, ex rel. Natalina Food Company, Appellant, *v.* Ohio Civil Rights Commission, Appellee.

[Cite as State, ex rel. Natalina Food Co., *v.* Ohio Civil Rights Comm. (1990), 55 Ohio St. 3d 98.]

(No. 89-1399—Submitted July 19, 1990—Decided December 5, 1990.)

*Swartz, Einhart, Wood & Szuter, Gregory P. Szuter* and *Antoinette M. Frantz,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gregory J. Vincent,* for appellee.

*Per Curiam.* In this appeal, relator-appellant, Natalina Food Company ("Natalina"), seeks a writ of prohibition to prevent respondent-appellee, the Ohio Civil Rights Commission ("OCRC"), from conducting an administrative hearing on an OCRC complaint. The OCRC complaint alleges that Natalina discharged Paul S. O'Brien, Sr. because of his age and handicap in violation of R.C. 4112.02(A). Natalina contends that the OCRC lacks jurisdiction to decide O'Brien's discrimination claim because O'Brien is a West Virginia resident whose employment occurred principally in that state, not in Ohio.

The material facts underlying this appeal are not in dispute. Some years ago, O'Brien was hired in West Virginia to work for Freezer Queen, Inc., an Ohio-based pizza manufacturer and distributor. Natalina later purchased Freezer Queen and reorganized the company. Natalina retained O'Brien in his position as a sales representative and route supervisor, but O'Brien's continued employment apparently did not involve the duties and responsibilities he previously performed in Ohio. Natalina sent O'Brien's paychecks to him from Ohio, however, and O'Brien's supervisors appear to have been located here.

Natalina fired O'Brien in February 1988, and he filed a charge of discrimination with the OCRC shortly thereafter. The OCRC investigated the charge and determined that probable cause for a complaint existed. Natalina argued lack of jurisdiction in a request that the OCRC reconsider the decision to issue a complaint. The OCRC denied Natalina's request and issued the complaint regarding O'Brien's discharge.

Natalina then filed the instant ac-

tion in the Court of Appeals for Summit County. The OCRC answered and later filed a motion that sought dismissal of the complaint pursuant to Civ. R. 12(B) (failure to state a claim upon which relief can be granted) or, in the alternative, summary judgment. In addition, the OCRC submitted a certified record of the proceedings that preceded the OCRC's complaint. Natalina responded to the motion to dismiss and also moved for summary judgment based on submitted evidence.

The court of appeals dismissed Natalina's complaint pursuant to Civ. R. 12(B)(6). Civ. R. 12(B), however, requires that a motion to dismiss be "treated as a motion for summary judgment and disposed of as provided by Rule 56" when the motion presents matters outside the pleading. The court of appeals did not exclude the evidence that the parties provided in support of their respective motions for summary judgment. Thus, the court of appeals should have considered this case on the cross-motions for summary judgment, and it erred by granting the OCRC's motion to dismiss.

The court of appeals' error, however, does not require us to remand this case. Our plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been originally filed in this court. See, e.g., State, ex rel. Pressley, v. Indus. Comm. (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus; State, ex rel. Natl. Emp. Benefit Serv., Inc., v. Cuyahoga Cty. Court of Common Pleas (1990), 49 Ohio St. 3d 49, 50, 550 N.E. 2d 941, 943, at fn. 1. Thus, we now decide if either the OCRC or Natalina is entitled to judgment as a matter of law pursuant to the standard in Civ. R. 56.

For a writ of prohibition to issue, we must find that the OCRC is about to exercise unauthorized quasi-judicial power and that this will cause injury for which no other adequate remedy exists. State, ex rel. Yates, v. Court of Appeals for Montgomery Cty. (1987), 32 Ohio St. 3d 30, 33, 512 N.E. 2d 343, 346. Natalina implicitly concedes that it will eventually be able to appeal an adverse OCRC decision under R.C. 4112.06 and that this appeal is an adequate remedy. However, relying on cases like State, ex rel. Adams, v. Gusweiler (1972), 30 Ohio St. 2d 326, 59 O.O. 2d 387, 285 N.E. 2d 22, Natalina contends that the OCRC has no jurisdiction whatsoever to consider O'Brien's claim and, thus, that the writ should issue notwithstanding the available appeal. See, also, State, ex rel. Johnson, v. Perry County Court (1986), 25 Ohio St. 3d 53, 25 OBR 77, 495 N.E. 2d 16.

Natalina makes four arguments in support of its basic premise. First, Natalina argues that the OCRC lacks jurisdiction because R.C. Chapter 4112 should be construed to prevent the OCRC from considering charges filed by nonresident employees, like O'Brien, who work outside Ohio for Ohio employers. Second, Natalina relies on Prendergast v. Indus. Comm. (1940), 136 Ohio St. 535, 17 O.O. 190, 27 N.E. 2d 325, to argue by analogy to workers' compensation law that the OCRC lacks jurisdiction because O'Brien's employment was not "localized" in Ohio. Third, Natalina relies on choice-of-law principles to argue by analogy that the OCRC lacks jurisdiction because West Virginia has a more substantial interest than Ohio in O'Brien's claim. Fourth, Natalina relies on due process guarantees requiring minimum contacts in a forum state for suits against nonresident defendants to argue, again by analogy, that the OCRC lacks jurisdiction

because O'Brien has no minimum contacts with Ohio.

For a writ of prohibition to issue despite an available appeal, however, a "patent and unambiguous" restriction on a tribunal's jurisdiction must exist. *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 215-216, 24 O.O. 3d 320, 321, 436 N.E. 2d 1005, 1007-1008; see, also, *State, ex rel. Safeco Ins. Co.,* v. *Kornowski* (1974), 40 Ohio St. 2d 20, 69 O.O. 2d 90, 317 N.E. 2d 920 (writ of prohibition issued to prevent municipal court from considering damage claim in excess of its monetary jurisdiction limit under R.C. 1901.17). None of Natalina's arguments approaches this standard. Natalina cites no statutory or constitutional authority that definitively prevents the OCRC from exercising jurisdiction over the claim of a nonresident employee who works outside Ohio for an Ohio employer. Cf. *State, ex rel. Connor,* v. *McGough* (1989), 46 Ohio St. 3d 188, 546 N.E. 2d 407 (writ of prohibition granted because the Due Process Clause of the Fourteenth Amendment prevented trial court from assuming personal jurisdiction over a nonresident defendant who had no minimum contacts with Ohio); *State, ex rel. Republic Steel Corp.,* v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178, 73 O.O. 2d 478, 339 N.E. 2d 658 (writ of prohibition issued to prevent the OCRC from holding a hearing on a complaint that was issued before the OCRC complied with a jurisdictional prerequisite imposed by R.C. 4112.05[B]).

Moreover, we have said that a writ of prohibition will not lie when a tribunal has " 'basic statutory jurisdiction to proceed in the case.' " *Smith, supra,* at 217, 24 O.O. 3d at 322, 436 N.E. 2d at 1008; see, also, *State, ex rel. The Ohio Company,* v. *Maschari* (1990), 51 Ohio St. 3d 18, 553 N.E. 2d 1356. Here, R.C. Chapter 4112 provides the OCRC with this basic authori-

ty. R.C. 4112.04(A)(6) requires the OCRC to pass upon "written charges * * * of practices prohibited by [section] [ ] 4112.02 * * *," and R.C. 4112.02(A) broadly prohibits "any employer" from discriminating in employment matters against "any person" on the basis of "race, color, religion, sex, national origin, handicap, age, or ancestry." Further, R.C. 4112.05(B) allows "any person" to file a charge with the OCRC.

Natalina acknowledges that it "employ[s] four or more persons within the state" and, thus, that it is an "employer" for purposes of these statutes. See R.C. 4112.01(A)(2). Under R.C. 4112.01(A)(1), "person" includes "one or more individuals." This definition is broad enough to extend the protections of R.C. Chapter 4112 to O'Brien, but Natalina maintains that the definition should be interpreted narrowly so that R.C. Chapter 4112 does not have an "extraterritorial" effect. We, however, see no ambiguity that requires us to subvert the plain meaning of R.C. 4112.01(A)(1), and Natalina does not specify a constitutional provision that necessitates this.

Accordingly, we hold that the OCRC has basic statutory authority to consider O'Brien's charge of discrimination because Natalina is an "employer" and O'Brien is a "person" as those terms are used in R.C. 4112.02(A) and 4112.05(B). Having determined this, we must further hold that the OCRC is not completely without jurisdiction to proceed with a hearing on the OCRC complaint and, thus, that the appeal made available by R.C. 4112.06 is sufficient to defeat Natalina's request for a writ of prohibition.

The court of appeals' dismissal being in error is hereby modified. We now enter the judgment the court of appeals should have entered; the

OCRC's motion for summary judgment is granted and the writ is denied.

*Judgment modified and writ denied.*

SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., and HOLMES, J., dissent.