OPINION AND JUDGMENT ENTRY
On October 9, 1996, relator, Alan R. Mayberry, Wood County Prosecutor, filed a complaint for writ of prohibition requesting this court for an order preventing respondent, the Honorable Charles F. Kurfess, "from exceeding his scope of authority by retaining custody of notes of grand jurors." Respondent filed an answer, a motion to dismiss, stating that the action fails to state a claim upon which relief may be granted by writ of prohibition, and, in the alternative, a motion for summary judgment. Relator has filed no response to respondent's motions.
For a writ of prohibition to issue a relator must establish:
 "(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." State ex rel. Ruessman v. Flanagan
(1992), 65 Ohio St.3d 464, 465.
Where "an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correctthe results of previous jurisdictionally unauthorized actions."State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 98. However, the extraordinary remedy of prohibition may not be employed as a substitute for appeal to review mere errors or irregularities of a court having jurisdiction. State ex rel.Enyart v. O'Neill (1995), 71 Ohio St.3d 655, 656.
In this case, relator claims that, in a grand jury proceeding on January 20, 1999, respondent allegedly "exceeded his scope of authority" by retaining custody of grand jury notes which were personal to each juror rather than records of the determinations by the panel. Contrary to relator's suggestion, such an action is not unauthorized by law or beyond the jurisdiction of the court. Relator has misconstrued our decision in State ex rel. Baxter v. Maschari (Aug. 31, 1990), Erie App. No. E-89-60, unreported, in which we stated that pursuant to R.C.2939.11 and Crim.R. 6(E), a prosecutor is entitled to retain custody of "notes, tapes and transcripts of the grand jury proceedings." In clarification, the "notes" referred to in that case were those which may have been part of the official "recording and transcribing" of the grand jury proceedings, and not any and all personal notes of each grand jury member. Such individual notes do not reflect the collective deliberations of the jury and are, thus, not subject to automatic access by the prosecution.
Moreover, since relator's arguments essentially go to alleged errors or irregularities in the grand jury proceedings, rather than to jurisdiction, relator has an adequate remedy at law by means of an appeal of respondent's actions as reflected in a January 20, 1999 judgment entry. See State ex rel. Kynard v.Court of Common Pleas of Lucas County (1980), 62 Ohio St.2d 308. Therefore, relator has failed to establish the requirements for the issuance of a writ of prohibition.
Upon due consideration, respondent's motion to dismiss is well-taken and granted. Accordingly, relator's application for writ of prohibition is found not well-taken and is denied. Court costs of this action are assessed to relator.
WRIT DENIED.
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.