McAULEY

v.

**SMITH, Judge.**

[Cite as *McAuley v. Smith* (1999), 133 Ohio App.3d 685.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 73.

Decided June 4, 1999.

*Hermann, Cahn & Schreider* and *James S. Cahn,* for relator.

*Linette S. Baringer* and *Edward S. DeAngelo,* Assistant Prosecuting Attorneys, for respondent.

---

*Per Curiam.*

On March 31, 1997, relator, Joseph L. McAuley, filed a verified application for a writ of prohibition to prevent respondent, Judge Beth A. Smith, from exercising jurisdiction in Mahoning County Common Pleas Court, Division of Domestic Relations case No. 94 DR 783, captioned *Denise M. McAuley v. Joseph L. McAuley,* and to prohibit the Mahoning County Child Support Enforcement Agency from collecting child or spousal support from relator's employer.

On May 15, 1997, this court, in a split decision, *sua sponte* dismissed the application for a writ of prohibition, finding that relator had an active appeal pending before this court that presented the issue of whether the domestic relations court could reconsider a prior dismissal order of a complaint for divorce, reinstate it, and issue a judgment of divorce, and that the direct appeal afforded a means of relief. In addition, this court found that relator had failed to demonstrate in what manner or for what purpose respondent was about to exercise judicial authority that was not authorized by law. The dissenting judge opined that the matter was dismissed after hearing and that the trial court assumed jurisdiction it did not have and issued orders.

Thereafter, relator filed an appeal as of right with the Supreme Court of Ohio on June 30, 1997. On July 29, 1998, the Supreme Court of Ohio issued a decision reversing this court's judgment of dismissal as to the claim against respondent and affirmed this court's dismissal of the application against the Mahoning

County Child Support Enforcement Agency. *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 696 N.E.2d 572.

In accordance with the remand order, on August 17, 1998, this court established a case management schedule to file stipulations and motions for summary judgment. By stipulated agreement of the parties, leave was granted until November 9, 1998 to file motions for summary judgment. On November 3, 1998, relator filed his motion for summary judgment. While respondent has not filed a memorandum in opposition or her own motion for summary judgment, by order issued on October 23, 1998, the domestic relations court stayed the wage withholding order and directed that the funds be held in escrow pending final determination of this proceeding.

Thereafter, on November 17, 1998, respondent filed a motion to join Denise McAuley as a necessary party under Civ.R. 19(A). By way of an order issued on November 25, 1998, this court sustained the joinder motion and allowed the additional party respondent thirty days to file an answer to the application for a writ of prohibition and to respond to the motion for summary judgment. A copy of the order was mailed to trial counsel of record for Denise McAuley. The additional party respondent has not filed anything in response to this court's November 25, 1998 order. The motion for summary judgment now comes on for decision.

The complaint for divorce was filed by Denise McAuley on September 9, 1994. Over the next two years there were several hearings conducted before court referees, the parties were ordered to participate in visitation mediation, and a guardian *ad litem* was appointed for the parties' minor child. On June 15, 1995, an amended complaint for divorce was filed. The case eventually came to trial, and, on September 10, 1996, the trial court filed a succinct entry dismissing the case, as there was insufficient evidence to grant a divorce. On October 10, 1996, Denise McAuley filed a notice of appeal directed to the court order dismissing the complaint. While the appeal was pending, on December 31, 1996, Denise McAuley filed a motion in the trial court to reconsider the dismissal order. That same day, the domestic relations court issued a judgment entry of divorce ordering relator to pay spousal support of $500 per month for twenty years, ordering relator to be solely responsible for payment of credit card debts totalling nearly $40,000, and holding relator responsible for any debt due as a result of the foreclosure on certain real estate. The order designated the relator as residential parent and further awarded to him certain real estate located in Henry County, Ohio, along with any encumbrances on the property. Relator timely appealed the judgment of divorce, and that matter remains pending for decision (case No. 97 C.A. 24).

It was not until April 25, 1997 that this court dismissed the appeal filed by Denise McAuley on October 10, 1996, directed to the dismissal order of September 10, 1996 (case No. 96 C.A. 189).

For the reasons that follow, we find that relator is entitled to summary judgment as a matter of law.

Summary judgment is governed by Civ.R. 56:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

■ In considering a motion for summary judgment, Civ.R. 56(C) controls and provides that before such a motion may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379–1380. Additionally, the party moving for summary judgment has the responsibility of clearly showing an entitlement to the granting of its motion:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party has a

reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

Due to the fact that summary judgment is designed to cut short the litigation process, trial courts should award it with caution, resolving doubts and construing evidence in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138, 141.

The facts are uncontroverted, as demonstrated by the docket record of common pleas case No. 94 DR 783, identified as Exhibit C and attached to relator's motion for summary judgment. Denise McAuley filed a notice of appeal on October 10, 1996 from the dismissal order. While that appeal remained pending, on December 31, 1996, Denise McAuley filed a motion for the domestic relations court to reconsider its dismissal order. That same day the domestic relations court found the motion to be well taken, returned the matter to the active docket, and granted the parties thirty days to file findings of fact and conclusions of law. That same day the domestic relations court granted a decree of divorce, including a property settlement, allocation of parental rights and responsibilities, spousal support, and fully decided the rights and liabilities of the parties.

A motion for reconsideration is a nullity in civil practice. See *State ex rel. Clark v. Lile* (1997), 80 Ohio St.3d 220, 685 N.E.2d 535. The rationale is expressed in *Horak v. Horak* (Aug. 7, 1997), Cuyahoga App. No. 71930, unreported, 1997 WL 449976, as follows:

"There is no allowance in the Civil Rules of Procedure for a motion for reconsideration made after final judgment. *Pitts v. Dept. of Transportation* (1981), 67 Ohio St.2d 378 [21 O.O.3d 238], 423 N.E.2d 1105, paragraph one of the syllabus. Civ.R. 60(3) provides the exclusive procedure which must be followed in order for a trial court to vacate its own judgment. *Kertes Ent. v. Orange Village* [*Planning Zoning Comm.*] (1990), 68 Ohio App.3d 48, 587 N.E.2d 409. The common-law rule that existed prior to the enactment of the Ohio Rules of Civil Procedure providing that a court had the inherent power to vacate or modify its own judgment made within the same term no longer exists. *Dahl v. Kelling* (1986), 34 Ohio App.3d 258, 518 N.E.2d 582. The Civil Rules provide the only scheme for granting relief from judgment. *Cale Products, Inc. v. Orrville Bronze & Alum. Co.* (1982), 8 Ohio App.3d 375 [8 OBR 489], 457 N.E.2d 854.

"A ruling upon a motion for reconsideration made after final judgment is a nullity. It is a legal fiction created by counsel. *Pitts, supra.* Rosemarie Horak attempts to circumvent the law by arguing the trial court must have considered her motion to reinstate as a Civ.R. 60(B) motion. The *Pitts* court remarked that

the task of trying to decipher form over substance to determine if a motion for reconsideration should be treated as a different motion has left lower courts in a procedural quagmire. *Id.* at 381 [21 O.O.3d at 239–240, 423 N.E.2d at 1107–1108].

"We conclude that the trial courts, already overburdened, cannot be responsible for reviewing every motion in order to determine whether the contents of the motion should be interpreted and applied in a different, and perhaps more appropriate, manner than the form or caption of the motion indicates. Such an activity would engage the trial courts in the impossible task of trying to second-guess the strategy and intentions of the parties at any point in the litigation process."

Assuming arguendo that the December 31, 1996 motion to reconsider was construed as a motion for relief from judgment, the Ohio Supreme Court has ruled that the trial court cannot act on such a motion absent a specific limited remand from the court of appeals. As stated in *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895:

"Although some Ohio appellate courts have adopted the view that trial courts can consider the merits of Civ.R. 60(B) motions without interfering with reviewing courts' appellate jurisdiction, see, *e.g., Bank One, Columbus, N.A. v. O'Brien* (Dec. 31, 1991), Franklin App. Nos. 91AP–165 and 91AP–440, unreported, at 23, 1991 WL 281436; *Day v. MacDonald* (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135; see, also, Whiteside, Ohio Appellate Practice (1993) 20–21, T. 1.09(C), supporting the foregoing view, we have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107, citing *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 574 N.E.2d 1142, with approval. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. *Id.* at 151, 574 N.E.2d at 1144; *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552. Therefore, the court of appeals correctly held that it lacked jurisdiction to consider the merits of appellant's Civ.R. 60(B) motion."

█ Without a limited remand from this court, the trial court lacked jurisdiction to proceed to reconsider its earlier dismissal entry, which had been appealed, and proceed to enter a decree of divorce.

█ The availability of a legal remedy does not foreclose a party from filing a complaint in prohibition in appropriate circumstances. As stated in *State ex rel. Smith v. Huron Cty. Court of Common Pleas* (1982), 70 Ohio St.2d 213, 215–216, 24 O.O.3d 320, 321, 436 N.E.2d 1005, 1007:

"Thus, as a general rule, a writ of prohibition will be awarded only where there is no adequate remedy in the ordinary course of the law. See, generally, *State ex rel. Dickison v. Court* (1971) [28 Ohio St.2d 179, 180, 57 O.O.2d 411, 411, 277 N.E.2d 210, 210–211]; *State ex rel. Dormody v. McClure* (1977), 50 Ohio St.2d 335, 336 [4 O.O.3d 476, 477, 364 N.E.2d 278, 279]; *State ex rel. Henry v. Britt* [ (1981), 67 Ohio St.2d 71, 21 O.O.3d 45, 424 N.E.2d 297]. See, also, *State ex rel. Wall v. Grossman* (1980), 61 Ohio St.2d 4 [15 O.O.3d 2, 398 N.E.2d 789]. Only where there is a 'total and complete want of jurisdiction' on the part of the inferior court, will such a writ be allowed despite the presence of a remedy by way of appeal. *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329 [59 O.O.2d 387, 389, 285 N.E.2d 22, 24]. Conversely, if there is no 'patent and unambiguous restriction' (see *State ex rel. Safeco Inc. Co. v. Kornowski* [1974], 40 Ohio St.2d 20 [69 O.O.2d 90, 317 N.E.2d 920]) on the jurisdiction of the court which clearly places the dispute outside its jurisdiction, prohibition will not lie. *State ex rel. Gilla v. Fellerhoff* [ (1975), 44 Ohio St.2d 86] at 88 [73 O.O.2d 328, at 329, 338 N.E.2d 522, at 523]."

■ The appeal of the dismissal order divested the trial court of any further jurisdiction to affect the order appealed. It could only take action in aid of the appeal or address collateral matters.

We are cognizant that the Ohio Supreme Court in its decision on July 29, 1998 held:

"[I]f McAuley ultimately establishes that Judge Leskovyansky patently and unambiguously lacked jurisdiction to vacate the dismissal and enter judgment in the divorce action, the presence of an appeal would be immaterial. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127– 1128. In addition, prohibition would then lie to correct Judge Leskovyansky's action. *Id.*, 80 Ohio St.3d [at] 410, 686 N.E.2d at 1127. The writ could compel Judge Smith to vacate her predecessor's December 31, 1996 judgment in the divorce proceeding." *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 396, 696 N.E.2d 572, 574.

Based on the uncontroverted fact that on the date that Judge Leskovyansky reconsidered his dismissal entry there was pending before this court an appeal of the dismissal order, we find that the trial court patently and unambiguously lacked jurisdiction to reinstate and decide the divorce case.

There being no genuine issue of material fact and the moving party being entitled to judgment as a matter of law, it is ordered that the relator's motion for summary judgment is sustained.

A writ of prohibition is hereby granted as prayed for in the application. Respondent Judge Beth Smith is hereby prohibited from conducting further

proceedings inconsistent with this court's judgment with respect to the judgment of divorce entered on December 31, 1996. It is further ordered that respondent vacate the December 31, 1996 judgments entered in the divorce proceeding (common pleas case No. 94 DR 783).

A writ of prohibition is to issue.

*Writ granted.*

Cox, Gene Donofrio and Waite, JJ., concur.