JOURNAL ENTRY AND OPINION
{¶ 1} On March 22, 2002, Relators Benedict N. Uguru and Unimicro, Inc. filed a complaint for a writ of prohibition with request for preemptory writ of prohibition in the first instance, and for an alternate writ of prohibition against Leo Palaibis and Daniel E. Schultz, Jr., Deputy Auditors for the State of Ohio. On April 1, 2002, the respondents, through the office of the Attorney General of Ohio, filed a motion to dismiss. Thereafter, on April 11, 2002, relators filed a response to the motion to dismiss. For the following reasons, we grant respondents' motion to dismiss.
{¶ 2} According to the complaint, Benedict Uguru is President of Unimicro, Inc., an Ohio corporation which provides computers, computer software and supplies to customers. Ministerial Daycare/Headstart Association (MDCA) is an organization which provides educational, daycare services and Headstart programs that has at times, according to relators, received public monies.
{¶ 3} On or about July 16, 2001, Mr. Uguru received a letter from the State Auditor's office informing him that an audit of MDCA was being conducted and requested that relators provide certain documents relating to a contract entered into between relators and MDCA. Thereafter, on February 20, 2002, relators received a subpoena from the State Auditor pursuant to R.C. 117.18, directing them to produce certain documents by March 13, 2002. At the request of relators, the compliance date was extended to March 22, 2002.
{¶ 4} In their petition, relators claim that the State Auditor's subpoena is beyond the legal authority of the State Auditor, is overbroad in scope, unconstitutionally takes and forever discloses Relator's personal and/or business and propriety information. Relators further assert that they are not a public agency, they do not receive public money, and that the contract between them and MDCA is not public money even if the ultimate source of the funding may have been public money.
{¶ 5} The Attorney General argues that relators failed to demonstrate that the State Auditor patently and ambiguously lacked the authority to issue the writ, and that relators have an adequate remedy at law. We agree.
{¶ 6} The principles governing prohibition are well established. In order to be entitled to a writ of prohibition, relator must establish that the respondent is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. Whitev. Junkin (1997), 80 Ohio St.3d 335, 686 N.E.2d 267; State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641.
{¶ 7} Respondents did not challenge whether the issuing of the subpoena was in the exercise of quasi-judicial authority. Therefore, we must first examine whether the State Auditor patently and unambiguously lacked the authority to issue the subpoenas. State ex rel. East Mfg.Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179,586 N.E.2d 105; State ex rel. Smith v. Court of Common Pleas, ProbateDivision (1982), 70 Ohio St.2d 213, 436 N.E.2d 1005; State ex rel.Safeco Ins. Co. v. Kornowski (1974), 40 Ohio St. 20, 317 N.E.2d 920.
{¶ 8} In Jim Petro, Auditor of State v. North Coast VillasLimited, et al. (2000), 136 Ohio App.3d 93, 735 N.E.2d 985, the State Auditor appealed a lower court ruling which quashed the subpoenas issued to a private, third-party entity which did not directly receive money from a public agency. In reversing the decision, the court held,
 {¶ 9} * * * On its face, R.C. 711.10 requires the State Auditor to audit public agencies and grants him discretionary authority to audit those private entities receiving public monies. Similarly, R.C. 711.18 facially grants the State Auditor the power to subpoena documents when conducting one of the audits set forth in R.C. 711.10 or O.A.C. 177-10-02(A). Nowhere in the language of R.C. 117.10 nor any other statutory provision is a rule found that prevents the State Auditor from seeking documents in the possession of private, third-party entities. Accordingly, this court concludes that R.C. 117.18 vests the State Auditor with the power to subpoena documents from private, third-party individuals when performing an audit.
{¶ 10} In light of Petro v. North Coast Villas Limited, supra, we find that relators failed to demonstrate that respondents patently and unambiguously lacked the authority to issue the subpoenas.
{¶ 11} Additionally, we also find that relators have an adequate remedy at law. As noted in respondents' motion to dismiss, respondents must apply to the court of common pleas to enforce the subpoenas. R.C.117.18. If they choose to do so, relators may file a motion to quash or move for a protective order
{¶ 12} Accordingly, we grant the respondents' motion to dismiss. Relators to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.