OPINION and JOURNAL ENTRY
{¶ 1} On May 25, 2004, Petitioner filed this action in mandamus and prohibition seeking an order to compel Respondent to take no further action to enforce collection of court costs and fees associated with Petitioner's 1998 DUI conviction.
 {¶ 2} The judgment issued in Case No. 98TRC00833-01 on September 22, 1998, imposed a six month sentence, with 80 days suspended, fined Petitioner $200.00, and assessed court costs totaling $611.00.
 {¶ 3} On November 23, 1998, the trial court notified Petitioner that the court costs associated with his earlier conviction were still unpaid. Further, in the event that Petitioner did not pay the balance, the amount would be increased by $30.00. On January 26, 2001 a bench warrant was issued for Petitioner's arrest in connection with these unpaid costs. On April 28, 2004, the trial court set a hearing date on the matter for May 12, 2004.
 {¶ 4} Petitioner filed a "Motion to Dismiss for Lack of Jurisdiction Pursuant to ORC § 2951.09" on May 12, 2004, which the trial court overruled the same day. In its judgment dated May 12, 2004, the trial court then ordered Petitioner to pay fines and court costs totaling $641.00.
 {¶ 5} Petitioner then filed this original action, asserting that Respondent lacked subject matter jurisdiction to maintain an action against him to collect court costs from the DUI conviction because his probationary period expired.
 {¶ 6} "In order to obtain a writ of prohibition, a petitioner must prove (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) that the exercise of that power is unauthorized by law; and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." Wells v.Costine, 7th Dist. No. 03BE51, 2004-Ohio-563, citing State exrel. White v. Junkin (1997), 80 Ohio St.3d 335.
 {¶ 7} Petitioner should have appealed the imposition of court fees and fines connected with his DUI conviction after the trial court entered its judgment against him on September 22, 1998. Petitioner had an adequate remedy at law that he failed to exercise. Petitioner is therefore foreclosed from challenging the order by extraordinary means when he failed to pursue an adequate legal remedy.
 {¶ 8} We also note that the trial court issued a judgment against Petitioner on May 12, 2004, ordering him to pay $641.00 in court costs and fines by June 4, 2004, or appear on that date to show cause why the costs have not been paid. In the event that Petitioner fails to do so, the judgment authorizes a warrant to be issued for his arrest. If Petitioner is found in contempt and a sanction is imposed for that conduct, a separate and distinct appealable issue would then be presented for our review.
 {¶ 9} "Only where there is a `total and complete want of jurisdiction' on the part of the inferior court, will such a writ be allowed despite the presence of a remedy by way of appeal. Conversely, if there is no `patent and unambiguous restriction' on the jurisdiction of the court which clearly places the dispute outside its jurisdiction, prohibition will not lie." McAuley v.Smith (1999), 133 Ohio App.3d 685, 691. (Internal citations omitted).
 {¶ 10} In the present dispute, Petitioner argues that the trial court lacks jurisdiction to compel payment of court costs and fines associated with his previous conviction because his probationary period has ended. Therefore, Petitioner reasons, the trial court may not institute an action based on that earlier conviction. Inherent in Petitioner's argument is that the present action is a probation proceeding. Petitioner's belief, however, is incorrect. Actions to collect unpaid court costs and fines are wholly independent and divorced from other proceedings. R.C.2947.23 explicitly states, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Secondly, R.C. 2949.14 states in pertinent part, "[u]pon conviction of a nonindigent person for a felony * * * [u]pon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." Finally, if the nonindigent defendant fails to pay these costs, R.C.2949.15 states, "the clerk of the court of common pleas shall * * * issue to the sheriff * * * executions against [the nonindigent defendant's] property for fines and the costs of prosecution." Nothing in the language of these statutes suggests that their authority is in any way contingent upon the nonindigent defendant's probationary period after conviction. Moreover, Petitioner has not cited any authority suggesting otherwise, nor has this court been able to locate such authority. Therefore, the trial court has proper subject matter jurisdiction to proceed against Petitioner for the balance of his unpaid court costs despite the fact that his probationary period is expired.
 {¶ 11} Petitioner's application also raises issues regarding the validity of his 1998 DUI conviction, alleged denial of medical attention while incarcerated, and a subsequent conviction for a violation of the terms of his probation. These issues, however, are not properly before this court for consideration in this matter.
 {¶ 12} For the above stated reasons Petitioner's complaint is dismissed. Costs taxed against Petitioner.
 {¶ 13} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.