Per Curiam.
*302 {¶ 1} This is an expedited election action in which relator, the city of Brecksville, Ohio, seeks writs of mandamus and prohibition to prevent respondents, Secretary of State Jon Husted and the Cuyahoga County Board of Elections, from certifying an initiative petition and submitting the initiative to electors at the November 6, 2012 general election. We dismiss the purported mandamus claim for lack of jurisdiction and deny the writ of prohibition.
Facts
{¶ 2} In January 2010, the Supreme Court of the United States decided Citizens United v. Fed. Election Comm., 558 U.S. 310,-, 130 S.Ct. 876, 900, 175 L.Ed.2d 753 (2010), in which it struck down certain provisions of federal campaign-finance law by holding that “political speech does not lose First Amendment protection ‘simply because its source is a corporation.’ ” Quoting First Natl. Bank of Boston v. Bellotti 435 U.S. 765, 784, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). See also Am. Tradition Partnership, Inc. v. Bullock, — U.S.-, 132 S.Ct. 2490, 183 L.Ed.2d 448 (2012).
{¶ 3} On July 25, 2012, petitioners, certain Brecksville electors, filed with the city’s finance director a signed initiative petition titled “Brecksville Initiative in Support Of Movement to Amend the U.S. Constitution To Establish That Corporations Are Not People And Money Is Not Speech.” In the petition, it is stated that because of their dissatisfaction with the United States Supreme Court’s decision in Citizens United, the petitioners proposed certain ordinances to city electors for their approval at the November 6, 2012 election.
{¶ 4} On August 8, Brecksville submitted a written protest to the board of elections against the petitioners’ initiative. The city claimed that the petition violated the Ohio Constitution, Article II, Section If, by addressing a question that the city lacks authority to control by legislative action, that the petition is merely a public-opinion poll outlining the views of the electorate, and that the petition violates public policy by attempting to mandate the actions and support of the mayor and city council in opposition to the U.S. Constitution.
{¶ 5} On August 28, the board of elections held a hearing on the city’s protest against the Brecksville initiative, and the board of elections deadlocked two-to-two on a motion to uphold the city’s protest against the initiative. In accordance with R.C. 3501.11(X), the board of elections submitted the tie vote to respondent Secretary of State Jon Husted to summarily decide the question. Secretary Husted broke the tie by voting against the motion on September 11. The secretary determined that the Brecksville proposed ordinances involve activities that municipal legislative authorities can control by legislative action.
{¶ 6} Two days later, Brecksville filed this expedited election action for writs of mandamus and prohibition to prevent respondents, Secretary of State Husted *303 and the board of elections, from certifying the Breeksville initiative petition to the November 6 election ballot. Respondents filed answers, and the parties submitted evidence and briefs pursuant to the accelerated schedule in S.Ct.Prac.R. 10.9. Under S.Ct.Prac.R. 10.9, an alternative writ is unnecessary because the rule itself incorporates an expedited schedule for the presentation of evidence and briefs. See Christy v. Summit Cty. Bd. of Elections, 77 Ohio St.3d 35, 36, 671 N.E.2d 1 (1996), noting that the rule, as amended effective April 1, 1996, “incorporates a briefing and evidence schedule in expedited election matters.”
{¶ 7} This cause is now before the court for our consideration of the city’s request for oral argument and of the merits of its claims.
Analysis

Oral Argument

{¶ 8} We deny Brecksville’s request for oral argument in this expedited election case. The parties’ briefs are sufficient to resolve these issues, see State ex rel. Data Trace Info. Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 23, and the expedited nature of election cases supports denial. See, e.g., Christy at 40.

Mandamus

{¶ 9} Breeksville requests a writ of mandamus to compel the secretary of state to sustain the city’s protest and to direct the board of elections to remove the petitioners’ initiative from the November 6 election ballot. Although the city’s request is couched in terms of compelling affirmative duties, it actually seeks (1) a declaratory judgment that the city’s protest against the initiative has merit and (2) a prohibitory injunction preventing the secretary of state and the board of elections from submitting the initiative to electors at the November 6 election. We lack jurisdiction over these claims and therefore dismiss the mandamus claim. See generally State ex rel. Miller v. Warren Cty. Bd. of Elections, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 22.

Prohibition

{¶ 10} “In extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions.” Whitman v. Hamilton Cty. Bd. of Elections, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. Breeksville claims that the secretary of state and the board of elections abused their discretion and acted in clear disregard of applicable law by denying the city’s protest and submitting the initiative to the electors for their vote at the November 6 election.[1]

*304
Ohio Constitution, Article II, Section If

{¶ 11} Brecksville first claims that the secretary of state and the board of elections abused their discretion and clearly disregarded the Ohio Constitution, Article II, Section If. Article II, Section If authorizes initiative and referendum power only on those questions that municipalities “may now or hereafter be authorized by law to control by legislative action.” (Emphasis added.) “The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence.” Donnelly v. Fairview Park, 13 Ohio St.2d 1, 233 N.E.2d 500 (1968), paragraph two of the syllabus.
{¶ 12} The ordinances proposed by the initiative petition do not require actions that execute or administer laws previously in existence. Instead, they enact new laws requiring specific actions: (1) the designation of “Democracy Day,” (2) the conducting of a public hearing to be held on that day to examine the impact of certain political contributions, (3) the issuance by the mayor of a letter to certain state and federal legislative leaders stating that Brecksville citizens in November 2012 voted in support of a constitutional amendment that would effectively overrule Citizens United, and (4) the recurrence of the public hearings biannually for up to ten years.
{¶ 13} Brecksville also claims that the proposed ordinances are not the proper subject of legislative action because they include precatory language without legal effect that simply expresses the public opinion of the city’s electors regarding whether the Citizens United holding should be overturned. This claim lacks merit because the proposed ordinances exceed the scope of any public-opinion poll. They require action. The proposed ordinances here do not simply request a third party to do something that the party has no obligation to do. As the secretary of state determined in his tie-breaking decision, the Brecksville ballot issue requires municipal officials to perform specific acts like designating a specific day and requiring public hearings on the impact of specified political contributions. The cases that the city cites are consequently inapposite. See State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177; State ex rel. Rhodes v. Lake Cty. Bd. of Elections, 12 Ohio St.2d 4, 230 N.E.2d 347 (1967); and State ex rel. Gateway Green Alliance v. Welch, 23 S.W.3d 861, 864 (Mo.App.2000).
{¶ 14} Finally, the city’s claim that public policy requires that the initiative be removed from the ballot because the electorate cannot force the mayor to speak *305 in support of an issue that is contrary to the United States Constitution attacks the substance of the proposed ordinances, and this challenge is premature before the adoption of the proposed ordinances by the people. See State ex rel. Kilby v. Summit Cty. Bd. of Elections, 133 Ohio St.3d 184, 2012-Ohio-4310, 977 N.E.2d 590, ¶ 21.
{¶ 15} Therefore, because the initiative properly proposes legislative action, the secretary of state and the board of elections did not abuse their discretion or clearly disregard applicable law by denying Brecksville’s protest on that basis.

Procedural Issues

{¶ 16} We also find no error in Brecksville’s remaining contention that the board of elections abused its discretion and clearly disregarded applicable law by making what it claims to be two procedural' errors in the matter. The city did not timely object to the board’s holding a joint hearing on the Brecksville protest and a comparable Newburgh Heights village ordinance. The city further cites the board’s error in omitting the first few pages of the transcribed protest hearing when submitting the matter to the secretary of state pursuant to R.C. 3501.11(X). This error was caused by a court reporter’s mistake, and the city cites no prejudice from the omission — there is no evidence that the secretary of state’s decision would have changed if the missing pages had been submitted to him earlier.[2]
{¶ 17} Therefore, the secretary of state and the board of elections neither abused their discretion nor clearly disregarded applicable law by denying Brecksville’s protest and submitting the initiative to the city’s electors. Brecksville has not established its entitlement to the requested extraordinary relief in prohibition.
Conclusion
{¶ 18} Based on the foregoing, we deny the writ of prohibition and dismiss the city’s mandamus claim for lack of jurisdiction. Our holding that the ordinances proposed by the initiative constitute proper legislative action is “consistent with our duty to liberally construe municipal initiative provisions to permit the exercise of the power of initiative.” State ex rel. N. Main St. Coalition v. Webb, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 47.
Judgment accordingly.
*306 O’Connor, C.J., and Pfeifer, Lanzinger, Cupp, and McGee Brown, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., dissent.

. Notwithstanding the board’s argument to the contrary, it exercised quasi-judicial authority when it held a hearing on the city’s protest against the initiative. R.C. 3501.39(A)(2); State ex rel. Upper *304 Arlington v. Franklin Cty. Bd. of Elections, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16.

. Brecksville waived its claim for an order returning the matter to the secretary of state for a new determination based on the full transcript of the protest hearing because it did not include an argument about this request in its merit brief. See State ex rel. Ohio Liberty Council v. Brunner, 125 Ohio St.3d 315, 2010-Ohio-1845, 928 N.E.2d 410, ¶ 61 (court need not address claim that was raised in complaint but was not specifically argued in initial merit brief).