**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*State ex rel. Wilen v. Kent,* **Slip Opinion No. 2015-Ohio-3763.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3763

THE STATE EX REL. WILEN ET AL. *v.* THE CITY OF KENT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wilen v. Kent,* Slip Opinion No. 2015-Ohio-3763.]**

*Elections—Mandamus—Action to compel placement of proposed amendment to city charter on ballot—Relators submitted sufficient number of petition signatures under Ohio Constitution, Article XVIII, Sections 9 and 14— Writ granted.*

(No. 2015-1456—Submitted September 15, 2015—Decided September 17, 2015.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} The relators[1] in this expedited election case seek a writ of mandamus to compel respondent, the city of Kent, to certify a proposed charter amendment to the Portage County Board of Elections for inclusion on the November 3, 2015 ballot. We grant the writ.

---

[1] The relators are Kathryn Wilen, William Wilen, Lee Brooker, Perry Phillips, Deborah Silverstein, and James Voneida.

*Background*

**{¶ 2}** Relators circulated a petition to amend the city charter of Kent. The proposed amendment was entitled "Kent Initiative Calling on Congress to Amend the U.S. Constitution to Establish That Corporations Are Not People and Money Is Not Speech." On the advice of the city law director, the city council voted against certifying the issue to the board of elections.

**{¶ 3}** The question presented for decision is, how many valid signatures are required to place the charter-amendment initiative on the ballot?

*Legal Analysis*

**{¶ 4}** Ohio Constitution, Article XVIII, Section 9 provides that proposed amendments to a municipal charter may be submitted to the voters "upon petitions signed by ten per centum of the electors of the municipality." Article XVIII, Section 14 then adds the following explanation: "The percentage of electors required to sign any petition provided for herein shall be based upon the total vote cast at the last preceding general municipal election."

**{¶ 5}** Reading these two provisions together, we have held that a qualifying petition to amend a municipal charter will qualify for the ballot when it contains signatures of 10 percent of the electors "based upon the total number of votes cast at the last preceding general municipal election." *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 384, 662 N.E.2d 339 (1996). There were 3,324 votes cast in the November 3, 2013 general municipal election in Kent, so under *Huebner*, relators needed only 333 valid signatures to qualify for the ballot. Relators submitted 621 valid petition signatures.

**{¶ 6}** In response to relators' arguments, Kent points to Section 7A of the Kent City Charter, which states that "[a]t least 10 percent of the qualified electors of the City registered to vote at the next preceding regular Municipal election must sign the initiative petitions for Charter change." According to Kent, there were 17,067 registered voters in Kent on November 3, 2013. Kent's position is

2

that its charter trumps *Huebner* and that relators needed to submit 1,707 valid signatures, which they failed to do.

{¶ 7} If the amendment procedures spelled out in a municipal charter conflict with the Ohio Constitution, the constitutional provisions will prevail. *State ex rel. Commt. for the Charter Amendment, City Trash Collection v. Westlake*, 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 30. To avoid a conflict, we harmonize constitutional and charter requirements when possible. *Id*. at ¶ 28. But Kent is adamant that the phrase "qualified electors of the City registered to vote" in its charter refers to all registered voters, that no harmonization is required or possible, and that its home-rule authority permits this language to be given effect. This approach, however, is contrary to *Huebner*, 75 Ohio St.3d 381, 662 N.E.2d 339, and *Huebner* establishes that relators submitted sufficient signatures.

{¶ 8} The relevant decision in *Huebner* was issued upon the granting of a motion for reconsideration. The original opinion of this court held that the Constitution required signatures from 10 percent of the *registered voters* as of the last general election. *State ex rel. Huebner v. W. Jefferson Village Council*, 72 Ohio St.3d 589, 593, 651 N.E.2d 1001 (1995). Amicus curiae, Ohio Municipal League, urges us to readopt our original *Huebner* decision and to overrule the later decision reached on reconsideration. We decline this invitation.

{¶ 9} The Ohio Municipal League argues that by making Article XVIII, Section 9 subject to Article XVIII, Section 14, the decision on reconsideration in *Huebner* created internal inconsistencies: the word "electors" now means different things in different sentences of the Ohio Constitution. But Article XVIII, Section 14 does not *redefine* the word "electors"; it merely serves to explain the signature requirement in Section 9 and elsewhere. The Ohio Municipal League's resolution of the alleged conflict is to interpret the Ohio

Constitution as if Article XVIII, Section 14 does not exist, which is precisely the result we ultimately rejected in *Huebner*.

{¶ 10} Next, we must address Kent's "counterclaim for injunctive relief." Kent contends that the proposed charter amendment is unconstitutional, but acknowledges that a city council does not have the authority to keep a measure off the ballot based on its content. So instead, Kent asks for a declaration from this court that the measure is unconstitutional and the issuance of an injunction. Kent explains that it asks for this relief, at least in part, to prevent a possible future assertion that it waived any objection to the measure's constitutionality by failing to raise the issue as a compulsory counterclaim.

{¶ 11} This court "will not consider, in an action to strike an issue from the ballot, a claim that the proposed amendment would be unconstitutional if approved, such claim being premature." *State ex rel. Cramer v. Brown*, 7 Ohio St.3d 5, 6, 454 N.E.2d 1321 (1983). Applying *Cramer*, we decline to consider the city's constitutional challenge at this time. In doing so, we note that we have no original jurisdiction to grant prohibitory injunctive relief or declaratory judgment. *ProgressOhio.org, Inc. v. Kasich*, 129 Ohio St.3d 449, 2011-Ohio-4101, 953 N.E.2d 329, ¶ 2. Therefore, Kent's claim that the substance of the charter amendment is unconstitutional cannot be a compulsory counterclaim in this action.

{¶ 12} Finally, we grant relators' unopposed motion, filed September 14, 2015, for leave to file amended verifications.

Writ granted and<br>motion granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Law Offices of Warner Mendenhall and Warner Mendenhall, for relators.

James R. Silver, Kent Law Director, for respondent.

Frost Brown Todd, L.L.C., Philip K. Hartmann, Eugene L. Hollins, and Yazan S. Ashrawi; and John Gotherman, urging denial of the writ for amicus curiae, Ohio Municipal League.

_____