[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cornerstone Developers, Ltd. v. Greene Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-313.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-313

THE STATE EX REL. CORNERSTONE DEVELOPERS, LTD. *v.* GREENE COUNTY BOARD OF ELECTIONS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cornerstone Developers, Ltd. v. Greene Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-313.]

*Elections—Mandamus—R.C. 5705.03(B) and 5705.19—Procedure for taxing authority to certify tax levy in excess of ten-mill limitation to board of elections—Action to compel board of elections to remove tax levy from ballot—Writ granted.*

(No. 2015-2092—Submitted January 27, 2016—Decided January 29, 2016.)

IN MANDAMUS AND PROHIBITION.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Cornerstone Developers, Ltd., seeks extraordinary relief to prevent a tax levy for Sugarcreek Township from appearing on the March 15, 2016 ballot.  We deny Cornerstone's request for a writ

of prohibition against the Greene County Board of Elections, but we grant a writ of mandamus ordering the board of elections to remove the levy from the ballot.

{¶ 2} Cornerstone has also named Ohio Secretary of State Jon Husted, the city of Centerville, and Sugarcreek Township as respondents. We deny Cornerstone's request for writs against these parties.

*Background*

{¶ 3} R.C. 5705.19 authorizes a taxing authority to "declare by resolution and certify the resolution to the board of elections * * * that the amount of taxes that may be raised within the ten-mill limitation will be insufficient to provide for the necessary requirements of the subdivision." However, the taxing authority must first pass a resolution or ordinance requesting information from the county auditor:

> [T]he taxing authority shall certify to the county auditor a resolution or ordinance requesting that the county auditor certify to the taxing authority the total current tax valuation of the subdivision, and the number of mills required to generate a specified amount of revenue, or the dollar amount of revenue that would be generated by a specified number of mills.

R.C. 5705.03(B)(1). The county auditor has ten days in which to certify responsive information to the taxing authority. *Id.*

{¶ 4} R.C. 5705.03(B)(3) then provides that

> [i]f, upon receiving the certification from the county auditor, the taxing authority proceeds with the submission of the question of the tax to electors, the taxing authority shall certify its resolution or ordinance, accompanied by a copy of the county auditor's certification, to the proper county board of elections in the manner

2

and within the time prescribed by the section of the Revised Code governing submission of the question, and shall include with its certification the rate of the tax levy, expressed in mills for each one dollar in tax evaluation as estimated by the county auditor.

The resolution must be certified to the board of elections no less than 90 days before the relevant election, R.C. 5705.19, and must be accompanied by a copy of the county auditor's certification, R.C. 5705.03(B)(3). The question in this case is whether Sugarcreek Township submitted its proposed levy to the board of elections before the 90-day deadline expired.

{¶ 5} On October 19, 2015, the Sugarcreek Township Board of Trustees approved three resolutions. Township Resolution 2015.10.19.06 ("Resolution 6") established the "Sugarcreek Township Fire District," consisting of only the unincorporated territory in the township.

{¶ 6} In Township Resolution 2015.10.19.07 ("Resolution 7"), the township trustees made a finding that the taxes that "may be raised within the 10 mill limitation will be insufficient" to fund the new fire district and its fire department and declared the necessity for an additional levy. Resolution 7 requested the auditor to certify the revenue that a 5.3 mill levy would raise. Resolution 7 also indicated that the proposed levy would be placed on the March 2016 election ballot.

{¶ 7} Lastly, Township Resolution 2015.10.19.08 ("Resolution 8") provided that if the voters approve the 5.3 mill levy, then Sugarcreek Township will terminate the existing fire district levies.

{¶ 8} What happened next is unclear because the evidence in the record is incomplete. Cornerstone and the board of elections agree that on December 22, 2015, the board certified the levy to appear on the ballot. And Cornerstone has

never disputed that Resolution 7 and the auditor's certification were delivered to the board of elections within the time allowed by statute.

{¶ 9} Cornerstone's legal position, as explained in a letter to Husted and the board of elections dated January 8, 2016, is that R.C. 5705.03(B) requires a taxing authority to approve two separate resolutions in order to place a levy on the ballot,

> the first resolution requesting certification from the county auditor
> * * *, and a second resolution, certified to the county board of
> elections, requesting that the issue be placed on the ballot, to be
> accompanied with a copy of the county auditor's certification.

Sugarcreek Township argues that only a single resolution is necessary under R.C. 5705.03(B)(1) and (3) and that Resolution 7 satisfied all requirements.

{¶ 10} On January 8, 2016, Sugarcreek Township approved Township Resolution 2016.01.08.01, captioned "Resolution to Proceed for Ballot for Fire District Levy 2016." The text noted that Resolution 7 had previously been passed and that certification from the county auditor had been received and then stated that

> the Sugarcreek Board of Trustees moves for a Resolution to Proceed
> and desires to proceed and place this Fire District Levy on the March
> 15, 2016 Ballot.
>     NOW THEREFORE BE IT RESOLVED, that this
> Resolution to Proceed for Ballot is hereby adopted.

(Capitalization sic.)

{¶ 11} The deadline for Sugarcreek Township to certify its levy to the board of elections was December 16, 2015, which was 90 days before the election. If Cornerstone is correct that R.C. 5705.03(B) mandates a second resolution, then the

4

certification on January 8, 2016, was plainly untimely. Sugarcreek Township argues that a second resolution is unnecessary but does not explain why it passed the January 8, 2016 resolution.

*Procedural history and question presented*

{¶ 12} On December 29, 2015, Cornerstone filed a complaint for writs of mandamus and prohibition to prevent the tax levy from appearing on the ballot because it is allegedly "not in compliance with the laws of the State of Ohio." Specifically, Cornerstone alleged that the measure violates R.C. 505.37 in multiple respects, including that under R.C. 505.37, only a municipality, not a township, has the authority to end fire and EMS services to an incorporated area and that Sugarcreek Township is attempting to create a new fire district for purposes not authorized by R.C. 505.37(C). Cornerstone named the board of elections, Sugarcreek Township, Husted, and the city of Centerville as respondents.

{¶ 13} On January 8, 2016, Cornerstone filed an emergency motion for leave to amend its complaint to plead an additional legal theory, namely that Sugarcreek Township missed the statutory deadline for approving a resolution to place the tax levy on the March 2016 ballot. We granted Cornerstone's motion to amend its complaint.

{¶ 14} Sugarcreek Township filed a brief opposing the issuance of any writ and also arguing that the case is barred by laches. Husted's brief also argued that relief is barred by laches and further argued that a writ should not issue against *him*, in part because his office had not yet completed its administrative review of the ballot issue. The city of Centerville, though nominally a respondent, filed a brief supporting the issuance of the writs. All three of those respondents submitted evidence.

{¶ 15} The board of elections filed a merit brief on January 20, 2016, one day out of rule, which we sua sponte struck as untimely. On January 22, 2016, Cornerstone filed a reply brief. The matter is fully briefed and ripe for decision.

*Legal analysis*

**{¶ 16}** This court has a duty to defer to the secretary of state's reasonable interpretation of an election statute. *State ex rel. Skaggs v. Brunner*, 120 Ohio St.3d 506, 2008-Ohio-6333, 900 N.E.2d 982, ¶ 56. And in the *Ohio Ballot Questions and Issues Handbook* prepared by the office of the secretary of state and filed as evidence in this case (which includes a statement that it is current as of December 2015), Husted clearly endorses a two-resolution process.

**{¶ 17}** According to page 2-9 of the *Handbook*, the process begins with the adoption of a "Resolution of Necessity," which is certified to the county auditor. Once the auditor responds, the taxing authority must then adopt a "Resolution to Proceed":

> If, *after receiving the certification from the county auditor*, the taxing authority decides to submit the question of the tax to the voters, the taxing authority *shall adopt a resolution or ordinance stating its intention to proceed with the ballot issue*.

(Emphasis added.) *Id.* at page 2-10. Sugarcreek Township did not adopt a "Resolution to Proceed" until well past the 90-day deadline for submitting the levy to the board of elections. We therefore hold that the board of elections is under a clear legal duty to remove the untimely levy from the ballot and that Cornerstone is entitled to a writ of mandamus.

**{¶ 18}** However, we decline to issue a writ of prohibition because the board of elections was not engaged in a quasi-judicial function when it prepared the ballot. The first requirement for a writ of prohibition is the exercise of judicial or quasi-judicial authority. *State ex rel. Balas-Bratton v. Husted*, 138 Ohio St.3d 527, 2014-Ohio-1406, 8 N.E.3d 933, ¶ 19. "Quasi-judicial authority" is "the power to hear and determine controversies between the public and individuals that require a

6

hearing resembling a judicial trial." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999). And in this case, Cornerstone has identified no statutory obligation upon the board to conduct a hearing. *State ex rel. Scherach v. Lorain Cty. Bd. of Elections*, 123 Ohio St.3d 245, 2009-Ohio-5349, 915 N.E.2d 647, ¶ 23-24.

{¶ 19} We reject the contentions of Husted and Sugarcreek Township that Cornerstone's suit is barred by laches. Laches may bar relief in an election-related matter if the relator seeking relief fails to act with the " 'utmost diligence.' " *State ex rel. Monroe v. Mahoning Cty. Bd. of Elections*, 137 Ohio St.3d 62, 2013-Ohio-4490, 997 N.E.2d 524, ¶ 30, quoting *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 20} Husted's laches argument is unpersuasive. He contends that Cornerstone should have filed suit either after Sugarcreek Township approved Resolution 7 on October 19, 2015, or after the board of elections approved the matter for the ballot on December 22, 2015. But regarding the first date, a lawsuit would plainly have been premature: the county auditor had not yet certified the revenue calculation, which means the ballot measure was not pending before the board. As for the second date, Cornerstone filed suit on December 29, 2015, four business days after the board of elections approved the levy for the ballot, and Husted does not explain how such a brief delay was unreasonable or prejudicial. *See State ex rel. Ebersol v. Delaware Cty. Bd. of Elections*, 140 Ohio St.3d 487, 2014-Ohio-4077, 20 N.E.3d 678, ¶ 26 (rejecting a laches argument that was based on a delay of four business days).

**{¶ 21}** Sugarcreek Township echoes Husted's laches argument, but it also suggests that Cornerstone should have filed suit when the township certified the tax levy to the board of elections on November 24, 2015. However, there is no evidence in the record to establish when the township sent the tax levy to the board of elections, much less evidence that Cornerstone was on notice of that fact.

**{¶ 22}** We also disagree with Husted's assertion that this suit is premature. As a general rule, "[t]his court 'will not consider, in an action to strike an issue from the ballot, a claim that the proposed amendment would be unconstitutional if approved, such claim being premature.' " *State ex rel. Wilen v. Kent*, 144 Ohio St.3d 121, 2015-Ohio-3763, 41 N.E.3d 390, ¶ 11, quoting *State ex rel. Cramer v. Brown*, 7 Ohio St.3d 5, 6, 454 N.E.2d 1321 (1983). But this case does not fall under this rule. We *will* grant preelection extraordinary relief to keep a measure from the ballot when the objection is not to the content of the ballot measure, but to the failure to comply with statutory ballot-access requirements. *See, e.g. State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 22-40 (writ of prohibition issued to remove recall petition from the ballot when the petition lacked mandatory "election falsification" warning). This is precisely the nature of Cornerstone's untimeliness claim.

**{¶ 23}** Given our resolution of Cornerstone's first proposition of law, it is unnecessary for us to address its alternative argument that the terms of Resolution 7, if enacted, will violate R.C. 505.37, and we decline to do so. Obviously, it is also unnecessary to resolve Husted's contention that the measure's legality can only be determined postelection.

**{¶ 24}** Finally, we hold that Cornerstone is entitled to no further relief. In a mandamus action challenging a decision of the secretary of state, the standard is whether the secretary engaged in fraud, corruption, or abuse of discretion or acted in clear disregard of applicable law. *State ex rel. Brecksville v. Husted*, 133 Ohio

8

St.3d 301, 2012-Ohio-4530, 978 N.E.2d 157, ¶ 10.  In this case, Husted has not yet acted *at all*.

{¶ 25} Nor is relief in prohibition appropriate.  Administrative actions by the secretary of state that do not involve statutorily mandated hearings are not subject to prohibition relief.  *State ex rel. LetOhioVote.org v. Brunner*, 125 Ohio St.3d 420, 2010-Ohio-1895, 928 N.E.2d 1066, ¶ 12-14.

{¶ 26} Although Centerville and Sugarcreek Township are named as respondents, Cornerstone has sought no affirmative relief against them.

*Conclusion*

{¶ 27} For the reasons stated, we grant the writ of mandamus in part and order the Greene County Board of Elections to remove the Sugarcreek Township levy from the March 15, 2016 ballot.  Because R.C. 3511.04(B) requires the boards of elections to begin distributing absent-voter ballots to uniformed service members and overseas absent voters this Saturday, January 30, 2016, the court will entertain no additional motions in this case.

Writ of mandamus granted in part

and denied in part,

and writ of prohibition denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Keating Muething & Klekamp, P.L.L., Joseph L. Trauth, Michael T. Cappel, Sophia R. Jannace, and Charles M. Miller, for relator.

Michael DeWine, Attorney General, and Jordan S. Berman and Sarah E. Pierce, Assistant Attorneys General, for respondent Ohio Secretary of State Jon Husted.

Altick & Corwin Co., L.P.A., Scott A. Liberman and Steven E. Bacon; and Bricker & Eckler, L.L.P., and Robert F. McCarthy, for respondent city of Centerville.

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Civil Division Chief, for respondent Greene County Board of Elections.

Stephen K. Haller, Greene County Prosecuting Attorney, and Stephanie R. Hayden, Assistant Prosecuting Attorney, for respondent Sugarcreek Township.

_____