[Cite as *State ex rel. Third Family Health Servs. v. Ohio Civ. Rights Comm.*, 2021-Ohio-1179.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE EX REL. THIRD FAMILY | : | Hon. William B. Hoffman, P.J.. |
| HEALTH SERVICES AND | : | Hon. W. Scott Gwin. J. |
| STATE EX REL. JARED POLLICK | : | Hon. Earle E. Wise, J. |
| | : | |
| Relators | : | |
| | : | Case No. 2020 CA 0076 |
| -vs- | : | |
| | : | |
| OHIO CIVIL RIGHTS COMMISSION | : | OPINION |
| Respondent | | |

CHARACTER OF PROCEEDING:        Writ of Prohibition

JUDGMENT:        Denied

DATE OF JUDGMENT ENTRY:        April 6, 2021

APPEARANCES:

For Relator Third Family Health

D. WESLEY NEWHOUSE II
Newhouse, Prophater, Kolman, Hogan, LLC
3366 Riverside Dr., Ste. 103
Columbus, Ohio 43221                    For Respondent Ohio Civil Rights
                                        Commission

For Relator Jared Pollick

                                        DAVE YOST
KAREN SOEHNLEN MCQUEEN                   Attorney General
JAMES M. WILLIAMS                        WAYNE WILLIAMS
Krugliak, Wilkins, Griffiths             Principal Assistant Atty. Gen.
& Dougherty Co., L.P.A.                  CHELSEY KOVACH
4775 Munson Street N.W.                  Assistant Atty. Gen.
P.O. Box 36963                           615 West Superior Avenue, 11th Floor
Canton, Ohio 44735-36963                 Cleveland, Ohio 44113

*Gwin, J.*

{¶1} On December 2, 2020, Relators, Third Street Family Health Services[1] and Jared Pollick, filed a Petition for Writ of Prohibition against Respondent, Ohio Civil Rights Commission. Third Street Family and Mr. Pollick ask the Court to prohibit the Commission from conducting hearings currently scheduled for May 5 and 6, 2021 because the Commission allegedly lacks subject matter jurisdiction. The Commission moved to dismiss the Petition.

{¶2} The Court subsequently issued a Judgment Entry that converted the Motion to Dismiss to a summary judgment motion and invited the parties to submit Civ.R. 56(C) evidence on the issue of conciliation. The parties submitted evidence and this matter is now ripe for determination.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶3} Third Street Family is a private, non-profit health center providing medical services, with its main office and principal place of business in Mansfield, Ohio. [Petition, ¶ 1] Mr. Pollick was the Chief Executive Officer of Third Street Family and resided in Lexington, Ohio, Richland County, while employed by Third Street Family. [*Id.*, ¶ 2] On November 12, 2019, a charging party filed a charge of discrimination against multiple respondents, including Third Street Family and Mr. Pollick. [*Id.*, ¶ 11]

{¶4} The Civ.R. 56(C) evidence submitted by the parties establishes the following timeline:

---

[1] The caption of the case on the Petition for Writ of Prohibition incorrectly identifies Third Street Family Health Services by excluding the word "Street" from its name. The cover of the opinion reflects the case caption per the Petition; however, we will use the correct entity name in the opinion.

{¶5} October 22, 2020: The Commission granted reconsideration at its meeting. The Commission reversed its previous "No Probable Cause" determination to a "Probable Cause" determination, scheduled conciliation, and authorized the executive director to issue a formal complaint if conciliation efforts failed. [Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Martin Affidavit, ¶ 3; Meeting minutes, Oct. 22, 2020, p. 25] Also on October 22, 2020, Third Street Family and Mr. Pollick assert the Complaints and Notices of Hearing were issued "as indicated on page 6 directly above the signature." [Affidavit of McQueen, ¶ 3; Affidavit of Newhouse, ¶ 3]

{¶6} October 27, 2020: Gina Curry, a conciliator for the Commission, was assigned these two matters to conciliate. [Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Curry Affidavit, ¶ 3]

{¶7} October 29, 2020: Letters of Determination dated October 22, 2020, but mailed on October 29, 2020 were sent by the Commission to Third Street Family and Mr. Pollick. The letters found probable cause that Third Street Family and Mr. Pollick engaged in unlawful discriminatory practices and ordered the matters scheduled for conciliation. Attached to the Letters of Determination were draft Conciliation Agreements and Consent Orders. [Petition, Exhibits A and B; Answer, ¶ 13; Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Curry Affidavit, ¶ 4]

{¶8} November 2, 2020: Gina Curry continued conciliation efforts by telephoning the attorney for each party regarding the Commission's efforts to eliminate the alleged discriminatory practice. Ms. Curry also corresponded with each of the attorneys via email. Terms for a resolution were exchanged but an agreement was not reached and

conciliation efforts were not successful. [Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Curry Affidavit, ¶¶ 5-8]

{¶9}    November 4, 2020: The Commission asserts for the first time on this date it served Complaints and Notices of Hearing on Third Street Family and Mr. Pollick. [Petition; Exhibits C and D; Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Martin Affidavit, ¶ 4] A cover letter and Certificate of Service attached to each Complaint and Notice of Hearing indicates the Complaints and Notices of Hearing were served on Third Street Family and Mr. Pollick on November 4, 2020.

{¶10}   November 12, 2020: The Commission again mailed Complaints and Notices of Hearing to Third Street Family and Mr. Pollick. [Petition, ¶ 15; Answer, ¶ 15]

{¶11}   December 2, 2020: Third Street Family and Mr. Pollick filed a Petition for Writ of Prohibition.

{¶12}   December 14, 2020, Third Street Family and Mr. Pollick filed a Motion to Stay Pending Petition for Writ of Prohibition. In a written response, the Commission did not oppose the issuance of a stay. On December 16, 2020, the Court granted the requested stay pending its decision on the Petition for Writ of Prohibition.

{¶13}   January 5, 2021, the Commission filed a Motion to Dismiss. Third Street Family and Mr. Pollick filed a Response in Opposition on January 19, 2021, and the Commission filed a Reply in support of its motion on January 22, 2020.

{¶14}   March 4, 2021, this Court converted Third Street Family and Mr. Pollick's motion to a summary judgment motion and invited the parties to submit Civ.R. 56(C) evidence regarding conciliation efforts. This matter is now ripe for the Court's review.

## SUMMARY JUDGMENT STANDARD AND ELEMENTS FOR WRIT OF PROHIBITION

Summary Judgment Standard

{¶15}  Our review of this matter on summary judgment is limited to the pleadings (i.e., petition and answer) and the affidavits and any sworn or certified copies of papers or parts of papers referred to in the affidavits submitted for consideration. *See* Civ.R. 56(E).

Civ.R. 56(C) explains:

A motion for summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Elements of Writ of Prohibition

{¶16}  The requisites Third Street Family and Mr. Pollick must establish to be entitled to relief in prohibition are: (1) the Commission is about to exercise judicial or quasi-judicial power; (2) the exercise of power by the Commission is unauthorized by law; and (3) there is no adequate remedy at law. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 72 Ohio St.3d 69, 71, 647 N.E.2d 769 (1995), citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 234-235, 638 N.E.2d 541 (1994). "Quasi-judicial authority" is " 'the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial.' " *State ex rel. Cornerstone*

*Developers, Ltd. v. Greene Cty. Bd. of Elections*, 145 Ohio St.3d 290, 2016-Ohio-313, 49 N.E.3d 273, ¶ 18, citing *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999). Prohibition will not lie unless it clearly appears the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus.

{¶17} Finally, this Court has discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973), paragraph one of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." (Citations omitted.) *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). The issuance of such a writ should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Court of Common Pleas Tuscarawas Cty.*, 137 Ohio St. 273, 277, 28 N.E.2d 641 (1940). However, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 176, 529 N.E.2d 1245 (1988).

**ANALYSIS**

{¶18} We will address Third Street Family and Mr. Pollick's request for prohibition relief within the framework of the elements that must be established to be entitled to such relief.

The Commission's exercise of quasi- judicial authority

{¶19} The first element Third Street Family and Mr. Pollick must establish to be entitled to a writ of prohibition is that the Commission is about to exercise judicial or quasi-judicial power. The Commission does not challenge Third Street Family and Mr. Pollick's ability to satisfy this element. Consistent with the term "quasi-judicial" defined above, the Commission hears controversies between the public and individuals and conducts hearings that resemble trials. Further, the Commission is about to exercise its quasi-judicial power since hearings in this matter are scheduled for May 5 and 6, 2021.

Unauthorized exercise of power and adequate remedy at law

{¶20} Third Street Family and Mr. Pollick must also establish the Commission's exercise of its power is unauthorized by law and that it lacks an adequate remedy at law. Third Street Family and Mr. Pollick maintain the Commission is not authorized to exercise power because it lacked jurisdiction to issue the Complaints since it failed to comply with R.C. 4112.05(A)(2) by not engaging in conciliation efforts before issuing the Complaints and Notices of Hearing on October 22, 2020.

{¶21} As established by the above timeline, the Commission *issued* the Complaints and Notices of Hearing on October 22, 2020. The Commission *served* the Complaints and Notices of Hearing on Third Street Family and Mr. Pollick on November 4, 2020. Between the issuance and service of the Complaints and Notices of Hearing the parties engaged in conciliation. Thus, the question becomes whether the Commission patently and unambiguously lacks jurisdiction such that Third Street Family and Mr. Pollick are entitled to relief in prohibition because conciliation efforts occurred after the

Complaints and Notices of Hearing were issued but before they were served on Third Street Family and Mr. Pollick.

{¶22} In support of its requested relief, Third Street Family and Mr. Pollick cite *State ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.*, 44 Ohio St.2d 178, 339 N.E.2d 658 (1975), syllabus. The Ohio Supreme Court construed R.C. 4112.05 and held, "[p]ursuant to R.C. 4112.05(B), a completed and unsuccessful attempt by the Ohio Civil Rights Commission to eliminate unlawful discriminatory practices by conference, conciliation or persuasion is a jurisdictional prerequisite to the issuance of a complaint by the commission[.]"

{¶23} Third Street Family and Mr. Pollick also rely on *Ohio Civ. Rights Comm. v. Papiernik*, 136 Ohio App.3d 233, 736 N.E.2d 484 (11th Dist.1999), where the court of appeals held the trial court should have directed a verdict at trial because the commission issued the complaint on the same day it invited appellant to engage in a conciliation process. *Id.* at 236-237. There was no evidence in the record that conciliation efforts ever occurred. The court held conciliation was a jurisdictional requirement and the trial court could not go forward with a hearing or civil action if conciliation had not been completed. *Id.* at 240, 241.

{¶24} Here, the evidence establishes the Complaints and Notices of Hearing were served for the first time on November 4, 2020. We base our conclusion on the language contained in the Notices of Hearing and the Certificates of Service attached to the Complaints. The Notices of Hearing indicate the Complaints and Notices of Hearing were *issued* on October 22, 2020. [Petition, Exhibits C and D] "When used with reference to writs, process, and the like the term [issue] is ordinarily construed as importing delivery

to the proper person, or to the proper officer *for ser*vice, etc." (Emphasis added.) *Black's Law Dictionary* 830 (6th Ed.1990). The Notices of Hearing further instruct: "Respondent shall file a written Answer to the Complaint with the Commission's Hearings Unit within twenty-eight (28) days after *service* of this Notice * * *" (Emphasis added.) The term "service" is defined as "[t]he * * * delivery of * * * [a] summons and complaint * * * by an authorized person, to a person who is thereby officially notified of some action or proceeding in which he is concerned, and is thereby advised or warned of some action or step which he is commanded to take or to forbear." *Id.* 1368.

{¶25} Based on these definitions and the language used in the Notices of Hearing and Certificates of Service, we conclude the Complaints were issued on October 22, 2020, but were not served on Third Street Family and Mr. Pollick until November 4, 2020, after the parties' attempt at conciliation failed. The Certificates of Service further establish this fact. Each certificate indicates "a copy of the foregoing Complaint and Notice of Hearing * * * was sent this 4th day of November 2020 by Certified Mail * * *" [Petition, Exhibits C and D]

{¶26} Therefore, we conclude the Commission does not patently and unambiguously lack jurisdiction to proceed in this matter as in the cases cited by Third Street Family and Mr. Pollick. For example, in the *Republic Steel* case, the commission's complaint specifically noted that it "had not completed efforts with Republic Steel to eliminate the alleged unlawful practices by means of conference, conciliation and persuasion and, further, that attempted conciliation with the United Steelworkers and its local unions had not yet begun." *Republic Steel Corp.*, 44 Ohio St.2d at 179, 339 N.E.2d 658.

{¶27} In the present matter, the Commission alleges in its Answer to the Writ of Prohibition, under the affirmative defenses, that it "attempted conciliation, and conciliation was not successful." [Answer, Affirmative Defenses, Mar. 18, 2021, ¶ 2] The Complaints attached as Exhibits C and D to the Petition also allege the Commission attempted conciliation efforts and they were unsuccessful. [Petition, Exhibits C and D, ¶¶ 8-9] Gina Curry also avers in her Affidavit the efforts undertaken with regard to conciliation and that ultimately, the conciliation efforts failed. [Ohio Civ. Rights Comm. Notice of Submission, Mar. 18, 2021, Curry Affidavit, ¶¶ 4-8] The facts under consideration here are not analogous to those in the *Republic Steel* case. The Commission does not concede that it failed to attempt conciliation. Rather, the Commission attempted conciliation with Third Street Family and Mr. Pollick and conciliation efforts failed. Thereafter, the Commission served the Complaints and Notices of Hearing on Third Street Family and Jared Pollick.

{¶28} Third Street Family and Mr. Pollick also rely on the *Papiernik* case. In *Papiernik*, the commission issued a complaint against Papiernik on the same day it invited her to engage in a conciliation process to resolve allegations of housing discrimination. *Papiernik*, 136 Ohio App.3d at 236-237, 736 N.E.2d 484. Papiernik thereafter elected to proceed in a civil action and at trial, at the close of all the evidence, she moved for a directed verdict on the grounds the commission failed to present evidence that it completed the informal conciliation process prior to trial. *Id.* at 237. The trial court denied the motion. *Id.* On appeal, the court of appeals reversed and explained:

> Only after efforts at conciliation fail does the commission have authority to
>
> file an employment discrimination complaint, provided that the respondent
>
> is given notice of an opportunity for a hearing on the charges before the

commission. R.C. 4112.05(A) and (B)(5). Not only are efforts at conciliation necessary for the commission to pursue a formal complaint in the employment context, the Supreme Court of Ohio has held that such efforts are jurisdictional. [Citation omitted.]

{¶29} *Id.* at 239.

{¶30} We conclude *Papiernik* is factually distinguishable because in *Papiernik* there was no evidence the commission ever undertook conciliation efforts. That is not the case here. We know based on Gina Curry's Affidavit the Commission attempted conciliation and that the effort failed.

{¶31} The thrust of the *Republic Steel* and *Papiernik* cases is that conciliation efforts are a prerequisite to the Commission's issuance of a Complaint and Notice of Hearing. Under this case law, partially completed conciliation efforts or no conciliation efforts are insufficient to bestow jurisdiction on the Commission. Here, we acknowledge each Notice of Hearing indicates: "This Complaint and Notice of Hearing is issued this 22nd day of October 2020." [Petition, Exhibits C and D] However, conciliation efforts occurred and failed before the Complaints and Notices of Hearing were ever served on Third Street Family and Mr. Pollick on November 4, 2020.

{¶32} Although Third Street Family and Mr. Pollick focus on the date the Complaints and Notices of Hearing were issued, a close reading of the statute, R.C. 4112.05(B)(5), instructs *issuance* and *service* of the complaint and notice of hearing should occur after conciliation efforts are undertaken and fail. The Commission issued the Complaints and Notices of Hearing prematurely on October 22, 2020, but it complied

with the statute by serving the documents on November 4, 2020, after conciliation efforts failed.

{¶33}  Further, Section (A)(2) of R.C. 4112.05, relied on by Third Street Family and Mr. Pollick in their Petition, merely requires "*before instituting the formal hearing authorized by division (B) of this section, it* [the Commission] shall attempt by informal methods of conference, conciliation, and persuasion, to induce compliance with this chapter." (Emphasis added.) We find the Commission instituted the formal hearing process on November 4, 2020 when it served the Complaints and Notices of Hearing on Third Street Family and Mr. Pollick advising them of the scheduled hearing dates and their duty to file an Answer with 28 days of service of the Complaints and Notices of Hearing. [Petition, Exhibits C and D] Again, this occurred after the parties' conciliation efforts failed.

{¶34}  Therefore, we do not find the Commission patently and unambiguously lacks jurisdiction to proceed based on this particular fact pattern. The Commission complied with the spirit of what R.C. 4112.05(B)(5) and the case law requires – that conciliation be attempted before a party is required to respond to a Complaint and appear for a hearing.

{¶35}  We find this matter similar to *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 586 N.E.2d 105 (1992). In that case, appellee filed a charge with the Ohio Civil Rights Commission against East Manufacturing alleging he had a handicap and East Manufacturing discharged him because of his handicap. *Id.* at 179. The commission found probable cause and scheduled a conciliation meeting for November 27, 1989. *Id.* Counsel for East Manufacturing claims he received the notice a

day before Thanksgiving when he was out of the country. *Id.* Neither East Manufacturing's attorney nor anyone from East Manufacturing attended the conciliation meeting or called to reschedule it. *Id.* Thereafter, on November 29, 1989, the commission issued a letter stating the parties were at an impasse. *Id.* Although East Manufacturing's attorney sent a letter objecting to this action, the commission issued a complaint on December 13, 1989 charging East Manufacturing with unlawful discriminatory practices. *Id.*

{¶36} Thereafter, East Manufacturing filed a writ of prohibition with the Portage County Court of Appeals asking the court to order the commission not to proceed but instead dismiss the discrimination complaint. *Id.* The court of appeals dismissed the prohibition complaint because East Manufacturing failed to plead that the refusal of the writ would result in an injury for which no other adequate remedy at law exists. *Id.* at 179-180. East Manufacturing appealed the court of appeals' decision to the Ohio Supreme Court. *Id.* at 180.

{¶37} The Court began its analysis by noting it may grant a writ of prohibition if a judicial or quasi-judicial tribunal "patently and unambiguously lacks jurisdiction, despite a relator's having an adequate remedy at law." *Id.*, citing *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.*, 55 Ohio St.3d 98, 100, 562 N.E.2d 1383 (1990). "[H]owever, if the commission has '* * * "basic statutory jurisdiction to proceed in the case," ' we will not grant the writ." *Id.*, citing *Natalina* at 100. The Court concluded that under *Natalina*, the commission had at least this basic jurisdiction. *Id.*

{¶38} Importantly, the Court noted the commission did not expressly acknowledge failure to comply with the jurisdictional requirement that the commission attempt conciliation before it issue a complaint. *Id.* Rather, the Court found the facts under

consideration were inapposite to a case relied on by East Manufacturing, *State ex rel. Republic Steel Corp.*, 44 Ohio St.2d at 180, 339 N.E.2d 658 – the same case Third Street Family and Mr. Pollock rely on here. The Court explained: "[T]he commission did not patently and unambiguously lack jurisdiction. This jurisdictional question, moreover, can be raised on appeal under R.C. 4112.06, and, thus, East Manufacturing has an adequate remedy at law." (Citation omitted.) *Id.* at 180-181. The Court modified the court of appeals' decision, granted the commission's summary judgment motion and denied the writ.

{¶39} In the present matter, the Commission did not admit to failing to comply with the conciliation jurisdictional requirement. To the contrary, the evidence establishes the Commission attempted conciliation starting on October 29, 2020 when it sent Letters of Determination to Third Street Family and Mr. Pollick with draft Conciliation Agreements and Consent Orders attached. According to Gina Curry, she continued conciliation efforts on behalf of the Commission through November 4, 2020.

{¶40} When an agreement was not reached among the parties the Complaints and Notices of Hearings were served, for the first time, on November 4, 2020. We do not find under these facts the Commission lacked basic statutory jurisdiction to proceed in the case. R.C. 4112.05(B)(5) merely requires the complaint not be issued and served until after there is a completed attempt at conciliation. The parties complied with this requirement when they attempted conciliation before the Complaints and Notices of Hearing were served on Third Street Family and Mr. Pollick on November 4, 2020.

{¶41} As in the *East Manufacturing* case, we cannot find the Commission patently and unambiguously lacks jurisdiction. Further, the jurisdictional question can be raised on

appeal under R.C. 4112.06 and therefore, Third Street Family and Mr. Pollick have an adequate remedy at law.

{¶42} We grant summary judgment in favor of the Commission. Third Street Family and Mr. Pollick's Petition for Writ of Prohibition is denied. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SUMMARY JUDGMENT GRANTED IN FAVOR OF RESPONDENT.

WRIT OF PROHIBITION DENIED.

COSTS TO RELATORS.

IT IS SO ORDERED.

By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, J., concur

.